# Exhibit 1
# Second and Third RFPs and Responses

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| THE ESTATE OF ELIZABETH PETERS, deceased, by and through its duly appointed special administrator, Frank Peters, | ) | |
| and | ) | Case No. 2:25-cv-2440 |
| FRANK PETERS, individually and on behalf of the heirs of Elizabeth Peters, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| Defendant. | ) | |

**DEFENDANT FEDERAL EXPRESS CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

COMES NOW Defendant Federal Express Corporation ("FedEx"), by and through undersigned counsel, and provides the following Responses to Plaintiff's Second Set of Requests for Production.

**REQUESTS**

**REQUEST FOR PRODUCTION NO. 63 :** Documents sufficient to show how a courier's performance is measured and evaluated at the Garden City, Kansas station.

**RESPONSE: See Defensive Driving Checkride Form and Courier Best Practice Check Ride Form which were previously produced starting at FedEx-Peters 001052.**

**REQUEST FOR PRODUCTION NO. 64 :** Documents sufficient to show how a courier's performance is incentivized at the Garden City, Kansas station.

**REQUEST FOR PRODUCTION NO. 77 :** A high-level balance sheet from Federal Express Corporation for fiscal years 2025 and 2026. The balance sheet should include, but not be limited to, total revenues, total expenses, and profits. Preferably, expenses should be divided between variable and fixed costs.

**RESPONSE: Objection. This Request is premature as it seeks financial information relevant only to a punitive damages claim. Plaintiffs have failed to prove that their claim for punitive damages is not spurious as required in the District of Kansas. See *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990). Defendant further objects to this Request as Plaintiff has not established malicious intent or reckless indifference required to assert punitive damages. Plaintiff's punitive damages claims lack merit and are not supported by requisite evidence. Further, this Request seeks highly confidential, proprietary, and trade-secret financial information, the disclosure of which would cause significant competitive harm to Defendant.**

**REQUEST FOR PRODUCTION NO. 78 :** If FedEx Express maintains a separate high-level balance sheet from Federal Express Corporation, a high-level balance sheet from FedEx Express for fiscal years 2025 and 2026. The balance sheet should include, but not be limited to, total revenues, total expenses, and profits. Preferably, expenses should be divided between variable and fixed costs.

**<u>RESPONSE</u>: Objection. This Request is premature as it seeks financial information relevant only to a punitive damages claim. Plaintiffs have failed to prove that their claim for punitive damages is not spurious as required in the District of Kansas. See *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.,* 130 F.R.D. 149, 152 (D. Kan. 1990). Defendant further objects to this Request as Plaintiff has not established malicious intent or reckless indifference required to assert punitive damages. Plaintiff's punitive damages claims lack merit and are not supported by requisite evidence. Further, this Request seeks highly confidential, proprietary, and trade-secret financial information, the disclosure of which would cause significant competitive harm to Defendant.**

**REQUEST FOR PRODUCTION NO. 79 :** A high level balance sheet for the Garden City station for fiscal years 2025 and 2026. The balance sheet should include, but not be limited to, total revenues, total expenses, and profits. Preferably, expenses should be divided between variable and fixed costs.

**<u>RESPONSE</u>: Objection. This Request is premature as it seeks financial information relevant only to a punitive damages claim. Plaintiffs have failed to prove that their claim for punitive damages is not spurious as required in the District of Kansas. See *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.,* 130 F.R.D. 149, 152 (D. Kan. 1990). Defendant further objects to this Request as Plaintiff has not established malicious intent or reckless indifference required to assert punitive damages. Plaintiff's punitive damages claims lack merit and are not supported by requisite evidence. Further, this Request seeks highly confidential, proprietary, and trade-secret financial information, the disclosure of which would cause significant competitive harm to Defendant.**

**REQUEST FOR PRODUCTION NO. 80 :** Documents sufficient to show the profits for FedEx Express for each fiscal year from 2019 through 2025.

**RESPONSE: Objection. This Request is premature as it seeks financial information relevant only to a punitive damages claim. Plaintiffs have failed to prove that their claim for punitive damages is not spurious as required by the District of Kansas. See *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.,* 130 F.R.D. 149, 152 (D. Kan. 1990). Defendant further objects to this Request as Plaintiff has not established malicious intent or reckless indifference required to assert punitive damages. Plaintiff's punitive damages claims lack merit and are not supported by requisite evidence. Further, this Request seeks highly confidential, proprietary, and trade-secret financial information, the disclosure of which would cause significant competitive harm to Defendant.**

**Further, this Request seeks highly confidential, proprietary, and trade-secret financial information, the disclosure of which would cause significant competitive harm to Defendant. Additionally, Defendant objects to this Request as overly broad and unduly burdensome and not relevant to time and scope. Information concerning Defendant's profits from 2019-2024 are not relevant to any claim or defense in this matter, including a punitive damages calculation.**

**REQUEST FOR PRODUCTION NO. 81 :** Documents sufficient to show the profits for the Garden City, Kansas station for each fiscal year from 2019 through 2025.

**RESPONSE: Objection. This Request is premature as it seeks financial information relevant only to a punitive damages claim. Plaintiffs have failed to prove that their claim for punitive damages is not spurious as required by the District of Kansas. See *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.,* 130 F.R.D. 149, 152 (D. Kan. 1990). Defendant further objects to this Request as Plaintiff has not established malicious intent or reckless indifference required to assert punitive damages. Plaintiff's punitive damages claims lack merit and are not supported by requisite evidence. Further, this Request seeks highly confidential, proprietary, and trade-secret financial information, the disclosure of which would cause significant competitive harm to Defendant.**

**Further, this Request seeks highly confidential, proprietary, and trade-secret financial information, the disclosure of which would cause significant competitive harm to Defendant. Additionally, Defendant objects to this Request as overly broad and unduly burdensome and not relevant to time and scope. Information concerning Defendant's profits from 2019-2024 are not relevant to any claim or defense in this matter, including a punitive damages calculation.**

**REQUEST FOR PRODUCTION NO. 82 :** Documents sufficient to show how FedEx Express determines its net profits.

**RESPONSE: Objection. This Request is premature as it seeks financial information relevant only to a punitive damages claim. Plaintiffs have failed to prove that their claim for punitive damages is not spurious as required by the District of Kansas. See *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.,* 130 F.R.D. 149, 152 (D. Kan. 1990). Defendant further objects to this Request as Plaintiff has not established malicious intent or reckless indifference required to assert punitive damages. Plaintiff's punitive damages claims lack merit and are not supported by requisite evidence. Further, this Request seeks highly confidential, proprietary, and trade-secret financial information, the disclosure of which would cause significant competitive harm to Defendant.**

**Further, this Request seeks highly confidential, proprietary, and trade-secret financial information, the disclosure of which would cause significant competitive harm to Defendant. Additionally, Defendant objects to this Request as overly broad and unduly burdensome and not relevant to time and scope and is not relevant to any claim or defense in this matter, including a punitive damages calculation.**

**REQUEST FOR PRODUCTION NO. 83 :** Documents sufficient to show how Federal Express determines its net profits.

**RESPONSE: Objection. This Request is premature as it seeks financial information relevant only to a punitive damages claim. Plaintiffs have failed to prove that their claim for punitive damages is not spurious as required by the District of Kansas. See *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.,* 130 F.R.D. 149, 152 (D. Kan. 1990). Defendant further objects to this Request as Plaintiff has not established malicious intent or reckless indifference required to assert punitive damages. Plaintiff's punitive damages claims lack merit and are not supported by requisite evidence. Further, this Request seeks highly confidential, proprietary, and trade-secret financial information, the disclosure of which would cause significant competitive harm to Defendant.**

**Further, this Request seeks highly confidential, proprietary, and trade-secret financial information, the disclosure of which would cause significant competitive harm to Defendant. Additionally, Defendant objects to this Request as overly broad and unduly burdensome and not relevant to time and scope and is not relevant to any claim or defense in this matter, including a punitive damages calculation.**

**REQUEST FOR PRODUCTION NO. 84 :** Documents sufficient to show the vertical integration from the Garden City, Kansas station to the top of Federal Express Corporation.

**RESPONSE: Objection. Defendant objects to this Request as it significant exceeds the scope of discovery and is not related to any claim or defense in this matter.**

**REQUEST FOR PRODUCTION NO. 85 :** Documents sufficient to show the total number of couriers employed by the Garden City, Kansas station in each calendar year from 2019 through 2025.

**RESPONSE: Defendant is diligently working to obtain this information and will supplement once received.**

**REQUEST FOR PRODUCTION NO. 86 :** Documents sufficient to show the total numbers of deliveries made by couriers from the Garden City, Kansas station in each calendar year from 2019 through 2025.

**RESPONSE: Objection. Defendant objects to this Request as overly broad, unduly burdensome, and significantly exceeding the scope of discovery in this case.**

**As limited by and without waiving the foregoing objection, see deliveries made by couriers in Garden City, Kansas between January 1, 2025 and May 30, 2025 bates numbered FEDEX-PETERS 002359-002364.**

**REQUEST FOR PRODUCTION NO. 87 :** All documents discussing or showing the route optimization program for Alexander Bullock in calendar year 2025.

**RESPONSE: Defendant does not have route optimization information this far back.**

**REQUEST FOR PRODUCTION NO. 88 :** All communications within FedEx referencing Alexander Bullock from May 1, 2025, to present, including all communications to Alexander Bullock's supervisors or managers.

**RESPONSE: Objection. Defendant objects to this Request to the extent it invokes attorney-client privilege and work-product privilege. Defendant further objects to this request as it is overly broad and unduly burdensome as there have likely been a significant amount of email correspondence between undersigned counsel and FedEx during the course of this matter. A limited privilege log is forthcoming.**

Respectfully submitted,

MCANANY, VAN CLEAVE & PHILLIPS, P.A.

/s/ *Joy V. Broyles*
Byron A. Bowles, Jr., KS Bar #16579
Joy V. Broyles, #29436
10 E. Cambridge Circle Drive, Suite 300
Kansas City, KS 66103
Ph: (913) 371-3838
Fx: (913) 371-4722
bbowles@mvplaw.com
jbroyles@mvplaw.com

ATTORNEYS FOR DEFENDANT FEDERAL EXPRESS CORPORATION

**CERTIFICATE OF SERVICE**

The undersigned hereby certify that on the 9th day of February 2026, the above and foregoing was filed with the Clerk of the Court via the Court's electronic filing system, which will serve electronic notification of such filing on the following counsel of record:

David J. Rebein,
Bryce Langford
Pablo Mose
REBEIN BROTHERS, PA
TRIAL LAWYERS
810 Frontview
Dodge City, Kansas 67801
Dave@rbr3.com
Bryce@rbr3.com
Pablo@rbr3.com

ATTORNEYS FOR PLAINTIFFS.

/s/ *Joy V. Broyles*
ATTORNEYS FOR DEFENDANT FEDERAL EXPRESS CORPORATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| THE ESTATE OF ELIZABETH PETERS, deceased, by and through its duly appointed special administrator, Frank Peters, | ) | |
| and | ) | Case No. 2:25-cv-2440 |
| FRANK PETERS, individually and on behalf of the heirs of Elizabeth Peters, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION**

COMES NOW Defendant Federal Express Corporation ("FedEx"), by and through undersigned counsel, and provides the following Responses to Plaintiff's Second Set of Requests for Production:

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 89 :** For each year from 2019 through 2025, provide the three financial documents or statements identified below for the Garden City Federal Express location or hub:

a. a detailed balance sheet;

b. a detailed income statement with variable and fixed expenses that should be clearly identified in the income statement. If a particular expense is a semi-variable (or semi-fixed) expense, please provide the fixed portion of the expense along with the variable rate identified on a per-unit basis or by some other unit identified as the measurement; and

c. a statement of cash flows.

To be clear, all three types of documents requested above are for the Garden City Federal Express location where Alexander Bullock was employed, and the requests are for documents from 2019 through 2025.

**RESPONSE: Objection. This Request is premature as it seeks financial information relevant only to a punitive damages claim. Plaintiffs have failed to prove that their claim for punitive damages is not spurious as required in the United States District Court for the District of Kansas. See *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990). Defendant further objects that Plaintiff's punitive damages claims lack merit and are not supported by requisite evidence. Further, this Request seeks highly confidential, proprietary, and trade-secret financial information, the disclosure of which would cause significant competitive harm to Defendant.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certify that on the 16th day of February 2026, the above and foregoing was filed with the Clerk of the Court via the Court's electronic filing system, which will serve electronic notification of such filing on the following counsel of record:

David J. Rebein,
Bryce Langford
Pablo Mose
REBEIN BROTHERS, PA
TRIAL LAWYERS
810 Frontview
Dodge City, Kansas 67801
Dave@rbr3.com
Bryce@rbr3.com
Pablo@rbr3.com

ATTORNEYS FOR PLAINTIFFS.

*/s/ Joy V. Broyles*
ATTORNEYS FOR DEFENDANT FEDERAL EXPRESS CORPORATION